IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG MARTIN,                     ) | |
|           Plaintiff       ) | |
|                     ) | C.A. No. 06-126 Erie |
|     v.                         ) | |
|                     ) | District Judge McLaughlin |
| DR. TELEGA, et al.,              ) | Magistrate Judge Baxter |
|           Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 19] be granted.

**II.   REPORT**

    **A.   Procedural History**

On May 31, 2006, Plaintiff Greg Martin, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Named as Defendants are Dan Telega ("Telega") and Tammy Mowry ("Mowry"), Physician Assistants contracted to perform medical services at SCI-Albion.[1]

Plaintiff alleges that his rights under the eighth amendment to the United States Constitution have been violated as a result of Defendants' deliberate indifference to his serious medical needs. (Document # 3, Complaint, at ¶ 29). Plaintiff also asserts claims of civil conspiracy to violate his Eighth Amendment rights, medical malpractice, and reckless infliction of emotional distress. (Document # 3, Complaint, at ¶¶ 30-32). As a result of these claims, Plaintiff seeks monetary damages and injunctive relief.

Defendants have filed a motion to dismiss [Document # 19], arguing, *inter alia*, that

---

[1] Defendant Telega is mistakenly identified in the Complaint as "Dr" Telega.

Plaintiff has failed to exhaust his administrative remedies, and has failed to state an Eighth Amendment claim upon which relief may be granted. Despite being given ample time to do so, Plaintiff has failed to file a response in opposition to Defendants' motion. This matter is now ripe for consideration.

### B.    Factual History

Plaintiff asserts that, in December 2005, he began experiencing burning and itching sensations caused by several boils that had formed on his face. (Document # 3, Complaint, at ¶ 6). Plaintiff claims that shortly after these boils appeared, he was seen by Defendant Telega, who allegedly informed Plaintiff that the boils were nothing more than "adult acne," and gave him two antibiotic pills for treatment. (Id. at ¶¶ 7-8). After Defendant Telega's examination, Plaintiff's condition worsened, as "numerous boils began to appear all over his body ... causing severe itching and burning." (Id. at ¶ 9). Plaintiff also alleges that he began to experience severe headaches, ringing in his ears, and blurred vision. (Id.). As a result, Plaintiff put in a sick call request and was seen by Defendant Mowry in February 2006. (Id. at ¶ 10). Defendant Mowry informed Plaintiff that his symptoms were caused by allergies and prescribed allergy medication. (Id. at ¶ 11).

Shortly after Defendant Mowry's examination, Plaintiff began experiencing "severe aching in his bones, so much so, that walking became difficult and painful." (Id. at ¶ 12). Plaintiff was seen again by Defendant Mowry in April 2006, at which time she told him there was nothing she could do for him. (Id. at ¶¶ 13-14). After Plaintiff's condition continued to worsen, he put in another sick call request and was seen by Defendant Mowry on May 9, 2006, at which time he was informed that he had a staph infection. (Id. at ¶¶ 15, 18). Plaintiff put in another sick call request and was seen by Defendant Telega on May 15, 2006. (Id. at ¶ 20). Defendant Telega allegedly informed Plaintiff that there was no cure for a staph infection and that his body would fight the infection itself. (Id. at ¶ 22). The present lawsuit ensued.

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

#### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite

3

proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

### D.  Exhaustion Requirement

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). However, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

The Third Circuit has recently held that a plaintiff need not affirmatively plead exhaustion, but that exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the recent Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78. There is, however, language in *Nyhuis* reflecting the Circuit's "understanding that compliance with the administrative remedy scheme will be satisfactory if it is substantial." Nyhuis, 204 F.3d at 77-78. The Third Circuit has not yet fully explored the meaning of "substantial compliance": "Whatever the parameters of 'substantial compliance' referred to [in *Nyhuis*], it does not encompass a second-step appeal five months late nor the filing of a suit before administrative exhaustion, however late, has been completed." Ahmed, 297 F.3d at 209.

In order to exhaust all of the administrative remedies within the Pennsylvania Department of Correction's ("D.O.C.") grievance system, a grievance must be appealed through all administrative levels of appeal at the inmate's institution, and the D.O.C. inmate-initiated grievances must follow the procedures set forth in Administrative Directive 804 ("DC-ADM 804"), which is included as part of the inmate handbook distributed to each inmate. The first step in the grievance process is for the inmate to file a claim with the institution's grievance officer. The grievance officer will investigate a grievance and provide the inmate with an Initial Review Response, which includes "a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance." DC-ADM 804 VI(B)(4). If the inmate is not satisfied with the Initial Review Response, there are two levels of appeal he must pursue to exhaust his claim: (1) an appeal within five days of his receipt of the

Initial Review Response to the prison superintendent and, if the appeal is denied, (2) an appeal to the D.O.C. Secretary's Office of Inmate Grievances and Appeals ("D.O.C. Secretary"). DC-ADM 804 VI(C)(1).

Defendants argue that Plaintiff never exhausted his administrative remedies in accordance with the PLRA's requirements. Plaintiff has, in fact, admitted as much in his Complaint, where he affirmatively states that he did not exhaust his administrative remedies prior to filing the present lawsuit. (See Complaint at Section V.C). As a result, this Court is barred from hearing Plaintiff's claims.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 19] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C)), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights. Nara v. Frank, 2007 WL 1321929 (3d Cir. May 8, 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated:  May 18, 2007

cc:     The Honorable Sean J. McLaughlin
        United States District Judge